NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCY SHELDON, | CIVIL ACTION NO. 13-6932 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| J.P. MORGAN CHASE BANK, N.A., et al., | |
| Defendants. | |

**THE PLAINTIFF** brought this action in state court against the defendants, J.P. Morgan Chase Bank, N.A. ("JPMC") and Select Portfolio Servicing, Inc. ("SPS"), to recover damages concerning a failure to properly process an application to modify a home loan. (See dkt. entry no. 1-1, Compl.) The action was subsequently removed to federal court. (See dkt. entry no. 1, Notice of Removal.) The plaintiff asserts four counts, all of which explicitly seek monetary damages:

(1) New Jersey Consumer Fraud Act against JPMC (Compl. at ¶¶ 111-117);

(2) breach of contract against JPMC and SPS (id. at ¶¶ 118-125);

(3) breach of duty of good faith and fair dealing against JPMC and SPS (id. at ¶¶ 126-130); and

(4) negligence against JPMC (id. at ¶¶ 131-135).

**SPS** now moves to dismiss the second count and the third count insofar as they are asserted against it for failure to state a claim. (See dkt. entry no. 15-1, SPS Br.) SPS argues:

> All of the alleged communications and correspondence that support Plaintiff's causes of action occurred, by Plaintiff's own admission, between March 23, 2009 and September 14, 2012, prior to SPS servicing the mortgage loan for Plaintiff's Property. Therefore, the Complaint is devoid of any facts that could support Plaintiff's Breach of Contract and/or Breach of Duty of Good Faith and Fair Dealing claims asserted against SPS.
>
> . . .
>
> Plaintiff alleges that SPS began servicing Plaintiff's mortgage loan in August 2013, after servicing was transferred from [JPMC]. . . . All of the alleged wrongful acts and/or alleged failure to act averred in the Complaint were performed by entities other than SPS and occurred before SPS began servicing the subject mortgage loan.

(Id. at 3-5.)

> **THE PLAINTIFF'S ARGUMENT** in response is:
>
> The only relief prayed for in the Complaint as to [SPS] is to require it to perform its obligations under the September 1, 2009 loan modification agreement as the successor to [JPMC]. This relief is only requested in paragraphs 2 (Breach of Contract) and 3 (Breach of Duty of Good Faith and Fair Dealing) of the Complaint. . . . Plaintiff has not pled nor is she asserting that [SPS] is somehow monetarily liable, as a successor in interest, for the misconduct of [JPMC].
>
> Clearly, if a modification were given by [JPMC], [SPS] as the successor, must honor it. The Complaint, therefore, most certainly sets forth a valid cause of action against [SPS].

(Dkt. entry no. 16, Pl. Br. at 1-2.)

**SPS** in its reply brief expresses confusion at the plaintiff's argument that she is not asserting that SPS is monetarily liable, as the second count and the third count indeed seek to recover monetary damages from SPS.  (See dkt. entry no. 18, SPS Reply Br. at 3-4.)  The Court agrees with SPS that the plaintiff's argument is confusing, as it stands in direct contravention to the manner in which the second count and the third count have been drafted.

**THE COURT** will address the motion without oral argument.  See L.Civ.R. 78.1(b).  The Court has the inherent power to control the docket.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991).  In the interests of justice, the Court intends to deny the motion without prejudice and to order the plaintiff to clarify exactly what she seeks from SPS by filing an amended complaint by June 12, 2014.  In that amended complaint, the plaintiff will separate the claims asserted against SPS now contained in the second count and the third count from the claims asserted against JPMC in those counts.  Assuming that the plaintiff intends to maintain the current claims, the amended complaint will contain six counts instead of four counts:

(1) New Jersey Consumer Fraud Act against JPMC;

(2) breach of contract against JPMC;

(3) breach of contract against SPS;

(4) breach of duty of good faith and fair dealing against JPMC;

(5) breach of duty of good faith and fair dealing against SPS; and

(6) negligence against JPMC.

**IF THE PLAINTIFF** fails to file an amended complaint in this manner by June 12, 2014, then all of the claims will be dismissed and the entire action will be terminated. If the plaintiff indeed files an amended complaint, then SPS may move again to dismiss the claims asserted against if still appropriate.[1]  The plaintiff may file an amended complaint without moving for leave to do so before the Magistrate Judge.

**THE COURT** earlier alerted the plaintiff to an opportunity to move to remand the action to state court.  (See dkt. entry no. 4, 11-19-13 Notice to Pl.)  The plaintiff, by failing to act upon that opportunity, has implicitly shown a preference to remain in federal court.  Therefore, the plaintiff must now abide by the Federal Rules of Civil Procedure and the Local Civil Rules, particularly as they pertain to the proper manner in which to articulate a claim.  See, e.g., Fed.R.Civ.P. 8(a), 8(d), 10(b).

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.

  s/ Mary L. Cooper     
**MARY L. COOPER**
United States District Judge

Dated: May 20, 2014

---

[1] SPS, if indeed moving again to dismiss, would be well-advised to cite several examples of relevant case law in order to guide the Court.  The issues raised here are not unique.  See, e.g., Rogers v. Select Portfolio Serv'g, No. 14-2517, 2014 WL 1794460, at *2 (C.D. Cal. May 6, 2014) (granting loan servicer's motion to dismiss complaint, as damages arose before loan servicer became involved with loan at issue).